THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>                    Plaintiff,<br>   v.<br><br>CAMI FEEK, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF THE WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT,<br><br>                    Defendant. | No. 3:23-cv-05028-RAJ<br><br>**ORDER** |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Union Pacific Railroad Company's ("Union Pacific" or "Plaintiff") Motion to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and for Leave to File Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2). Dkt. # 22. Defendant Cami Feek ("Defendant"), appearing in her official capacity as Commissioner of the Washington State Employment Security Department ("ESD"), opposes the Motion. Dkt. #23. Plaintiff filed a reply. Dkt # 24. Plaintiff requested oral argument; however, the Court finds this motion may be resolved without oral argument. LCR 7(b)(4). Having reviewed the

ORDER – 1

pleadings, record, and relevant law, the Court **DENIES** Plaintiff's Motion.

## II.  BACKGROUND

The Washington Paid Family and Medical Leave Act ("PFML"), RCW 50A.05.005, *et seq.*, provides paid sick leave benefits to Washington employees. Passed in 2017, the law established a statewide insurance program—funded by premiums charged against employee wages—to provide paid leave to Washington workers. The Washington Legislature, in passing the law, declared it to be "in the public interest to create a family and medical leave insurance program to provide reasonable paid family leave for" the birth or placement of a child and care of a family member with a serious health condition, and reasonable paid medical leave "for an employee's own serious health condition." RCW 50A.05.005. The PFML requires employers to collect premiums via mandatory payroll deductions, and the amounts collected are remitted to the Employment Security Department ("ESD"). RCW 50A.10.030.

In January 2023, Plaintiff filed a complaint in federal court alleging that the Railroad Unemployment Insurance Act ("RUIA"), 45 U.S.C. § 351, *et seq.*, which requires that railroads pay for sickness benefits for employees that are unable to work due to illness or injury, expressly preempts the PFML as to railroad employees, and that the Adamson Act, 49 U.S.C. § 28301, preempts Defendant from mandating paid sick leave benefits beyond those that are collectively bargained for. Dkt. # 1 (Complaint).

In their initial Complaint, Plaintiff alleged that, in 2022, Union Pacific employee Mitchell Knobbe applied and was approved for paid family and medical leave with ESD. *Id.* ¶ 20, 21, 22. Plaintiff appealed the decision, arguing in Washington administrative courts that Washington's PFML law was preempted as to railroad carriers. ESD opposed Plaintiff's position and argued that that the PFML applies to Plaintiff. Dkt. # 15.

Plaintiff sought from this Court an order declaring that the PFML is preempted by the RUIA, Plaintiff is not subject to the PFML, and Union Pacific employees are not

ORDER – 2

entitled to benefits under the PFML and requested that this Court enter a permanent injunction prohibiting Defendant from applying the PFML to Plaintiff or its RUIA-covered employees. Dkt. # 1 ¶ 33. Plaintiff further sought an order declaring that the PFML is preempted by the Adamson Act, and requested that this Court enter a permanent injunction prohibiting Defendant from applying the PFML to Plaintiff or its employees who are subject to collective bargaining. *Id.* ¶ 40. On March 7, 2023, Defendant filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the Tax Injunction Act (TIA), 28 U.S.C. § 1341, bars Plaintiff's claims. Dkt. # 15.

In March 2023, this Court found that the Tax Injunction Act, 28 U.S.C. § 1341, barred Plaintiff's RUIA and Adamson Act claims, because the relief sought by Plaintiff amounted to an injunction enjoining the collection of payroll taxes via PFML premiums. Dkt. # 20. Noting that the TIA has been "broadly construed" to apply to declaratory relief actions because such actions "may in every practical sense operate to suspend collection of state taxes," *Jerron West, Inc. v. State of California State Board of Equalization*, 129 F.3d 1334, 1338 (9th Cir. 1997), this Court found that the PFML premiums assessed under the law constituted a tax and that Union Pacific had a "plain, speedy, and efficient remedy" to contest the application of the law in Washington state court. Dkt. # 20 at 7; 28 U.S.C. § 1341. This Court granted Defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction, dismissed the action, and entered judgment. Dkt. # 21.

Plaintiff then moved to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and for leave to file an amended complaint. Dkt. # 22. Instead of seeking a declaratory judgment that Union Pacific was not subject to the PFML and that its employees are not entitled to benefits under the PFML, Dkt. # 1 ¶ 33, 40, Plaintiff seeks leave to file an amended complaint that, it argues, does not implicate the Tax Injunction Act at all and simply cures the deficiencies identified in this Court's opinion. Dkt. # 22 at 5; Dkt. # 25-1. The proposed Amended Complaint instead alleges that making PFML benefits available to Union Pacific employees incentivizes absenteeism amongst

ORDER – 3

employees. Dkt. # 22, Ex. A ¶ 28. Plaintiff alleges that this financial incentive to absent themselves from work deprives Plaintiff of a portion of the workforce needed to maintain its rail network. *Id.* ¶ 29. Plaintiff seeks a declaratory judgment establishing that the payment of benefits to Union Pacific's employees is preempted by the RUIA and Adamson Act because federal laws expressly preempt other laws that mandate sickness benefits or compensation for railroad employees. *Id.* ¶ 46, 56. Plaintiff further seeks a declaratory judgment that RCW 50A.20.010, which requires that "whenever an employee of an employer who is qualified for benefits under this title is absent from work to provide family leave, or take medical leave for more than seven consecutive days, the employer shall provide the employee with a written statement of the employee's rights under this title," is preempted by the RUIA and is an undue burden on interstate commerce. *Id.* ¶ 61. Further, the PFML requires that employers post in conspicuous places on the premises notices to employees and applicants for employment pertinent provisions of the law and information on how to file a complaint. RCW 50A.20.020. An employer that fails to do so may face civil penalties that are paid into the family and medical leave enforcement account. *Id.* Plaintiff seeks a declaratory judgment that this requirement is preempted by the RUIA and is an undue burden upon interstate commerce. Dkt. # 22, Ex. A ¶ 68. Finally, Plaintiff seeks a declaratory judgment that provisions of the law that require employers to "make reports, furnish information, and collect and remit premiums … to [ESD]," RCW 50A.20.030, are preempted by the RUIA and an undue burden upon interstate commerce. *Id.* ¶ 71.

//
//
//
//
//
//

ORDER – 4

### III.  LEGAL STANDARD

Rule 59(e) allows a plaintiff to file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 59(e) motion "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (emphasis in original).

Rule 15(a) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue burden; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry*, 648 F.2d 1252, 1254 (9th Cir. 1981).

### IV.  DISCUSSION

**A.) Request to Reopen the Judgment**

Noting that this Court dismissed the Complaint without prejudice, Plaintiff asks this court to alter or amend the judgment, entered at Dkt. # 21, pursuant to Rule 59(e). Dkt. # 22. Plaintiff argues that after the judgment has been reopened, Union Pacific should be granted leave to file the proposed Amended Complaint. *Id.* While the Federal Rules do not provide specific grounds for a motion to alter or amend, the Ninth Circuit has held that such motion may be granted if: "1) the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based;* 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law."

ORDER – 5

*Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citing *McDowell*, 197 F.3d at 1254 n. 1). "A Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 299 F.3d 877, 890 (9th Cir. 2000)). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner*, 338 F.3d at 1063.

Here, Plaintiff does not identify a manifest error of law or fact, newly discovered or previously unavailable evidence, possible manifest injustice, or an intervening change in controlling law. Instead, Plaintiff argues that this Court should have granted Union Pacific leave to amend its complaint and cure the identified deficiencies in its prior order. Dkt. # 22 at 2-3. Citing *California Dep't of Water Res. v. Powerex Corp.*, C.A. 02-cv-0518, 2005 WL 2789067 (E.D. Cal. Oct. 25, 2005) and *Wallace v. City of Hampton*, No. 2:15cv126, 2015 WL 13856526 (E.D. Va. Aug. 25, 2015), Plaintiff contends that when the jurisdictional defect relied upon in dismissing a claim can be cured through amendment, courts have relied upon Rule 59(e) as a "procedural path that permits the court to vacate a judgment and allow a matter to move forward with an amended complaint through Rule 15," and urges this Court to do so here. Dkt. # 22 at 3.

**B.) Request for Leave to Amend**

When faced with a motion to amend, the district court considers four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The court must liberally apply the rule that leave to amend should be freely granted, subject to the factors set forth above. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Here, Defendant concedes that there is no suggestion of bad faith, but argues that Plaintiff has caused undue delay in choosing to amend the complaint at this point in the proceedings and that ESD would be prejudiced by the filing of an amended complaint at this time, as Union Pacific's

ORDER – 6

continued attempt to litigate in federal court has created uncertainty for both ESD and Union Pacific employees. Dkt. #23 at 7-8. This potential prejudice is highlighted, argues Defendant, by Plaintiff's failure to advance their arguments for preemption in state court, despite having multiple opportunities to do so. *Id.* Further, Defendant contends, amendment would be futile, as the amended complaint still seeks the same relief that led this Court to hold that the Tax Injunction Act deprives this Court of subject matter jurisdiction. *Id.* at 5-6. This Court agrees.

Although the amended complaint seeks a declaratory judgment as to preemption of several specific provisions of the PFML that, on their face, have little to do with premiums collections, Plaintiff continues to seek declaratory relief that would ultimately enjoin, suspend, or restrain the assessment, levy, or collection of state taxes. *Hibbs v. Winn*, 542 U.S. 88, 99, 124 S.Ct. 2276 (2004). For example, Plaintiff seeks an order declaring RCW 50A.20.020 to be preempted by the RUIA. This provision requires employers to post notices concerning pertinent provisions of the law in conspicuous places and provides for civil penalties against employers who willfully violate the law. RCW 50A.20.020. Civil penalties are to be deposited into the family and medical leave enforcement account, which is used to administer and enforce the PFML. *Id.*; RCW 50A.05.080. This Court finds persuasive Defendant's argument that to grant the relief Plaintiff seeks would undermine enforcement of the law, ultimately enjoin the collection of taxes, and bring the action within the ambit of the TIA. *See Czajkowski v. State of Illinois*, 460 F. Supp. 1265, 1271-72 (N.D. Ill. 1977) (district court, based on the TIA, rejected plaintiffs' request for injunction preventing Illinois from expending funds on enforcement of state law, finding that "[t]he state obviously cannot collect a tax when it has no funds for enforcement"). Plaintiff's pivot to challenging piecemeal provisions of the PFML fails to evade the TIA's "broad jurisdictional barrier," *Lowe v. Washoe County*, 627 F.3d 1151, 1155 (9th Cir. 2010) (citations omitted), and this "cannot be avoided by attacks on the administration and implementation of the taxing scheme rather

ORDER – 7

than on the validity of the tax itself." *Czajkowski*, 460 F. Supp. at 1272.

Moreover, *Wallace v. City of Hampton*, relied on by Plaintiff, stands for the proposition that the liberal rule of setting aside the judgment and providing leave to amend "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." 2015 WL 13856526, at *1 (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). But the initial complaint and case were not dismissed on technicalities. Indeed, in the briefing for the motion to dismiss, the parties devoted considerable argument to whether Plaintiff had yet paid any PFML premiums and whether the relief requested would in fact "restrain" the "assessment, levy, or collection" of taxes if Plaintiff had not yet paid. Dkt. # 18. But ultimately, the complaint was dismissed, and the judgment entered, based on this Court's analysis of the nature of the relief requested by Plaintiff and this Court's finding that Plaintiff's challenge was barred by the TIA. Dkt. # 20. Rules 59(e) and 15(a) are not meant to provide "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Considering Plaintiff's requests under Rule 59(e) and Rule 15(a)(2) together, *id.*; *see also California Dep't of Water Res.*, 2005 WL 2789067, at *1, and based on the record before the court, *see* Dkt. # 22, Ex. A (proposed Amended Complaint), amendment would be futile, and "leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

//
//
//
//
//
//
//
//

ORDER – 8

## V.  CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Amend Judgment Pursuant to FRCP 59(e) and for Leave to File Amended Complaint Pursuant to FRCP 15(a)(2).

DATED this 6th day of September, 2024.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 9